Stanley W. **TRESCOTT**, Plaintiff,

v.

**Doyle CONNER, as Commissioner of Florida Department of Agriculture, et al., Defendants.**

**No. TCA 74–183.**

United States District Court,
N. D. Florida,
Tallahassee Division.

March 14, 1975.

Stanley W. Trescott, pro se.

Robert L. Shevin, Atty. Gen. of Fla., Robert A. Chastain, Gen. Counsel, State of Fla., Dept. of Agriculture & Consumer Services, Tallahassee, Fla., for defendants.

Before RONEY, Circuit Judge, and ARNOW and FAY, District Judges.

## MEMORANDUM DECISION

ARNOW, District Judge.

Stanley W. Trescott, the plaintiff in this case, is a resident of Florida and is a migratory beekeeper. He has for many years maintained multiple beehives in Florida. During the summer months, he transports them to the State of New York and brings them back into Florida in the latter part of the year.

Chapter 586 of Florida Statutes regulates the bee industry in Florida. That Florida may under police power regulate the bee industry is not here in question. Plaintiff agrees a regulatory bee industry law is needed in Florida and in other states of the United States.

In the suit plaintiff initially contended apparently Florida's entire bee industry law was unconstitutional. In the amended complaint now before the court, however, he focuses upon the certificate requirements contained in Chapter 586.11, Florida Statutes. Under that section, before he may bring his bees back into Florida, he must obtain the certificate required by it. It is his contention this requirement is unnecessary, onerous, burdensome and unconstitutional.

Because plaintiff sought declaration of unconstitutionality of the statute and injunctive relief, a three-judge court was convened. Trial before the court has been held, and the case is ready for decision.

It is this court's conclusion the certificate provisions of the statute here involved are valid and constitutional as against the attack made on them by the plaintiff.

Chapter 586.11, Florida Statutes, reads as follows:

"All honeybees (except bees in combless packages) and used beekeeping equipment shipped or moved into the state, or shipped or moved within the state, shall be accompanied by a permit issued by the commissioner. Before any bees (except bees in combless packages) or used beekeeping equipment is shipped or moved from any other state into the state, the owner thereof shall make application on forms provided by the commissioner for a permit. The application shall be accompanied by a certificate of inspection signed by the state entomologist, state apiary inspector, or corresponding official of the state from which such bees or equipment are shipped or moved. Such certificate shall certify that all of the colonies, apiaries, and beeyards owned or operated by the applicant, his agents or representatives, have been inspected annually at a time when the bees are actively rearing brood, including one inspection within the period of thirty days immediately preceding the date of shipment or movement into Florida,

and that no American foulbrood or other contagious or infectious diseases have been found in any colony, apiary, beeyard or other places where bees or equipment have been held by the applicant, within the period of two years immediately preceding the date of shipment or movement into Florida; provided that when honeybees are to be shipped into this state from other states or countries wherein no official apiary inspector or state entomologist is available, the commissioner may issue permit for such shipment upon presentation of suitable evidence showing such bees to be free from disease."

Plaintiff argues the thirty day requirement causes him hardship. He contends such period, and two or three week extensions granted him by defendants from time to time, on request, do not give him sufficient time to bring his bees back into Florida from New York. His argument is that his truck is not big enough to haul all of his bees at one time so that several trips are necessary. This, under his contention, appears to be the basis of his argument that the time period is too short.

Yet it does appear from the evidence that, in years past, he has been able to bring his bees back into Florida within the thirty day period or within extended periods given him by defendant. From the evidence at the trial, other migratory beekeepers in Florida found no insurmountable problem in complying with the time requirements. The one migratory beekeeper testifying had more hives of bees to bring back into Florida than does the plaintiff.

■ Defendants here contend that plaintiff's real problem is only one of logistics—that his problem of transportation is no different from that of other migratory beekeepers who are able to resolve it without undue difficulty. With that contention of defendants, this court agrees.

■ From the evidence before the court, the thirty-day requirement is a reasonable one serving the purpose of detecting the possible presence of infection of bees before they are brought into Florida. The two year requirement, challenged in plaintiff's amended complaint, although not particularly the subject of contention at the trial, is also under the evidence a reasonable one.

■ In the absence of national legislation covering the subject in its relationship to interstate commerce—and there is none here—Florida, under police power, may adopt the certification procedure provided by Section 586.11, Florida Statutes, with judicial inquiry into its validity under the commerce clause as well as the Fourteenth Amendment limited to the question whether the restrictions imposed are reasonably adapted to the end sought. South Carolina State Highway Department et al. v. Barnwell Brothers, Inc. et al., 303 U.S. 177, 58 S. Ct. 510, 82 L.Ed. 734 (1938). On the evidence before the court, restrictions here involved pass that test.

■ Florida may not in exercising police power unjustifiably discriminate or unduly burden interstate commerce. Dean Milk Co. v. Madison, 340 U.S. 349, 71 S.Ct. 295, 95 L.Ed. 329 (1951). The restrictions here involved clearly pass those tests as well.

■ That there may be better ways of regulating the bee industry, as plaintiff contends, is not a matter of judicial concern. When, as here, the Legislature of Florida acts within the scope of its power, fairly debatable questions as to reasonableness, wisdom and propriety are not for the determination of courts but for the legislative body on which rests the duty and responsibility of decision. South Carolina v. Barnwell, *supra*.

In this land of liberty under law in which we have the good fortune to live, any law, because it circumscribes or affects, at least to some degree, freedom of action of individuals, may to that extent be considered or viewed as a hard-

ship and onerous upon individuals subject to it. Yet we would have it no other way because we know that, without our government of ordered liberty under law, we may lose all our precious freedoms. Plaintiff here must recognize and accept, as other migratory beekeepers in Florida have recognized and accepted, that fundamental principle.

After the institution of this suit, plaintiff served notice upon defendants that he intended to move his bees back into Florida without obtaining the permit required by the statute unless restrained by court order, that any action to stop such movement would be met with any appropriate means at his disposal, and that defendants should not discount the use of force. Defendants promptly served and filed a cross complaint seeking injunctive relief. At hearing before the court, temporary restraining order against plaintiff was issued. At the trial, the plaintiff made it clear to the court that, unless restrained by order of the court, he would proceed with his announced intention to bring such bees back into Florida without complying with the statute even though this court's ruling on the merits of this case was adverse to him.

In view of the foregoing, this court concludes judgment on plaintiff's complaint should be entered in favor of defendants and against the plaintiff, with plaintiff's complaint to be dismissed with prejudice. The court will retain jurisdiction over defendants' cross complaint against plaintiff for the purpose of enforcing the permanent injunction to be entered, and with the temporary restraining order heretofore issued against the plaintiff converted and changed into a permanent injunction against the plaintiff. All costs of this action should be taxed against the plaintiff.

Judgment in accordance with the foregoing will be entered by the court.